# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 24 2020, 10:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief
Criminal Appeals
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Disbro,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 24, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1836<br><br>Appeal from the<br>Ripley Circuit Court<br><br>The Honorable<br>Ryan J. King, Judge<br><br>Trial Court Cause No.<br>69C01-1602-F5-9 |

**Vaidik, Judge.**

# Case Summary

David Disbro appeals the sanction imposed for his violation of probation. We affirm.

# Facts and Procedural History

In February 2016, the State charged Disbro with six counts in this case, under cause number 69C01-1602-F5-9 ("F5-9"): Level 5 felony possession of methamphetamine in the presence of a child; two counts of Level 6 felony resisting law enforcement; Level 6 felony maintaining a common nuisance; Class A misdemeanor taking a child to a nuisance; and Class C misdemeanor possession of paraphernalia. That June, Disbro was released on bond, but within days he was charged with two new counts under cause number 69D01-1606-F6-139 ("F6-139"): Level 6 felony obstruction of justice and Class B misdemeanor possession of a device or substance to interfere with a drug or alcohol screening test. He returned to jail, and his bond was revoked in F5-9. In November, Disbro pled guilty to Level 6 felony attempted obstruction of justice in F6-139 and was sentenced to 910 days of incarceration, all suspended to probation. However, Disbro remained incarcerated in F5-9, which was still pending.

In August 2017, Disbro and the State entered into a plea agreement in F5-9, under which Disbro pled guilty to Level 5 felony possession of methamphetamine in the presence of a child, the State dismissed the other five

charges, and Disbro received a sentence of five years, with 759 days to serve and 1,067 days suspended to probation. With credit for time already served, Disbro was released to probation on September 1, 2017.

[4] In November 2017, the State filed petitions to revoke Disbro's probation in both F5-9 and F6-139, claiming that Disbro had tested positive for methamphetamine. Those petitions were pending when, in February 2018, the State filed a third case against Disbro, charging him with Level 6 felony possession of methamphetamine and Level 6 felony maintaining a common nuisance under cause number 69D01-1802-F6-45 ("F6-45"). In that case, Disbro pled guilty to Level 6 felony maintaining a common nuisance in July 2018 and was sentenced to 910 days of incarceration, all suspended to probation.

[5] In light of F6-45, the State filed amended petitions to revoke probation in F5-9 and F6-139. In July 2018, Disbro admitted violating his probation in F6-139, and he was ordered to serve his entire sentence in that case—910 days—in the Department of Correction (DOC). In July 2019, after Disbro had served that sentence, a revocation hearing was held in this case, F5-9. Based on the conviction in F6-45, the trial court revoked Disbro's probation and ordered him to serve 900 of the 1,067 previously suspended days in the DOC.

[6] Disbro now appeals that sanction.

# Discussion and Decision

[7] Disbro contends that the trial court should not have ordered him to serve 900 of the 1,067 suspended days in the DOC. Trial courts enjoy broad discretion in determining the appropriate sanction for a probation violation, and we review only for an abuse of that discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[8] Disbro argues that ordering him to serve 900 of the 1,067 suspended days in F5-9 based on his new conviction in F6-45 is an "unnecessarily harsh" sanction because he had already been ordered to serve (and in fact had already served) all 910 suspended days in F6-139 based on the same new conviction. Appellant's Br. p. 10. We disagree. The facts set forth above make clear that Disbro is not an appropriate candidate for probation. The charges in this case were filed in February 2016. Four months later, just after Disbro was released on bond, he committed Level 6 felony attempted obstruction of justice. Notwithstanding the fact that he was out on bond in this case when he committed the new crime, his entire 910-day sentence for the new crime was suspended to probation. He then pled guilty to the lead charge in this case (Level 5 felony possession of methamphetamine in the presence of a child), had the other five charges dismissed, and was released to probation under a time-served deal. Less than three months later, the State moved to revoke his probation in both cases, alleging that he had used methamphetamine. Despite the pendency of those petitions and with nearly 2,000 days of suspended time hanging over his head, Disbro committed yet another drug-related felony—

maintaining a common nuisance—in February 2018. Disbro and probation are obviously a poor match, so the trial court did not abuse its discretion by ordering him to serve out the bulk of his sentence in the DOC.

[9] Affirmed.

Najam, J., and Tavitas, J., concur.